AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Western District of Washington, Tacoma RJB |
|---|---|
| Name Larry DeWeese | Prisoner No. | Case No. C04-5150 RJB |

Place of Confinement: Special Commitment Center
P.O. Box 88600
Steilacoom, Washington 98388-0647

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Larry DeWeese | V.   Mark Seling et al |

The Attorney General of the State of: Washington, Christine O. Gregoire

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  Clark County Superior Court, 1200 Franklin, P.O. Box 5000, Vancouver, Washington 98668

2. Date of judgment of conviction  May 4, 1989

3. Length of sentence  14 Years

4. Nature of offense involved (all counts)  Count I: Rape first degree with deadly weapon Count II: Rape second degree, Count III: Rape second degree

FILED _____ LODGED _____
RECEIVED
MAR 18 2004
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

04-CV-05150-PET

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court  Court of Appeals of the State of Washington, Division II

   (b) Result  Order that the appeal is certified to the Supreme Court

   (c) Date of result and citation, if known  September 20, 1990

   (d) Grounds raised  The refusal by the trial court to appoint a third attorney after defendant fired his second one.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court  The Supreme Court of the State of Washington

   (2) Result  Defendant's request for substitute counsel was unjustified, that the defendant knowingly and intelligently waived his right to counsel. Affirm

   (3) Date of result and citation, if known  September 12, 1991, 117 Wn. 2d 369

   (4) Grounds raised  The trial court erred in failing to determine whether defendant knowingly, voluntarily, and intelligently waived his right to counsel.

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐  No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court _____

   (2) Nature of proceeding _____

   (3) Grounds raised _____

(3)

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
  (1) First petition, etc.     Yes ☐   No ☐
  (2) Second petition, etc.    Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Trial Court acknowledged prejudicial error through it's recusation for Court's violation of Petitioner's Speedy Trial Right without valid waiver.

Supporting FACTS (state *briefly* without citing cases or law) On January 10, 1989, Petitioner fired defense counsel Mark Baum. EX.(A). On January 17, 1989, Judge Barbara D. Johnson, indicated to the court that she was not Frankly fully certain what was on for the morning. But, understood counsel anticipated needing time. "Perhaps counsel could indicate further." I believe it was defense's request. (TP 2 L.4-7). Defense Counsel Mark Baum indicated, I've spoken with Mr. DeWeese "again" about his speedy

B. Ground two: The trial court erred in failing to determine whether the Petitioner knowingly, voluntarily, and intelligently waived his right to counsel.

Supporting FACTS (state *briefly* without citing cases or law): On Jaunary 10, 1989, Petitioner fired defense counsel Mark Baum. EX.(A). On January 17, 1989, Judge Barbara D. Johnson, indicated to the court that she was not Frankly fully certain what was on for the morning. But, understood counsel anticipated needing time. "Perhaps counsel could indicate further." I believe it was defense's request. (TP 2 L.4-7). Defense Counsel Mark Baum indicated, I've spoken with Mr. DeWeese "again" about his speedy

( ITEM 12 (a) Supporting FACTS)

trial rights. Mr. DeWeese indicates he wishes to insist on going to trial within 60 days. I am familiar with the case law, Your Honor. I'm also familiar with the preference to abide by a Defendant such as Mr. DeWeese, to abide by his wishes to go to trial within 60 days. Mr. DeWeese wishes to force the State to prove the charges against him within 60 day time frame. (TP 2 L.8-17). If Mr. DeWeese is going to insist on going to trial Monday, I will be there and do what I can. (TP 4 L.6-7). Judge Barbara D. Johnson indicated, I take it, your choice is to go ahead with Mr. DeWeese's request; and, if so, we also had the other matter of whether or not counsel would be requesting I disqualify myself. "I've had no further indication on that." (TP 4 L.15-20). As I indicated, I did not personally feel it was a problem such that I would automatically recuse myself, but would do so on request of counsel or MR. DEWEESE himself. (TP 4 L.20-23). Counsel Mark Baum indicated further, going to first things first, I indicated to Mr. DeWeese, I would be filing these papers requesting a continuance. (TP 4 L.24-TP 5 L. 1). EX.(B). Judge Barbara D. Johnson, had denied inquiring into Petitioner's January 10, 1989 motion for counsel, for the purpose of granting defense counsel Mark Baum's request for a continuance EX.(C), and to assist in delaying Petitioner's speedy trial. In a Motion filed on January 23, 1989, Petitioner objected to the trial date again, and stated that he did not waive speedy trial. EX(D). On February 3, 1989, Judge Barbara D. Johnson, only noted the January 23, 1989 motion, that Petitioner did not waive speedy trial, and continued the trial date of the Continuance to March 20, 1989. EX. (E). In a Motion and Affidavit of Prejudice, filed February 16, 1989, Judge Barbara D. Johnson, recused herself for violating the Constitutional rights of Petitioner's speedy trial and right to counsel. EX.(F). The January 23, 1989 motion was never acted upon. EX:(E). Thereafter, on March 13, 1989, Judge Barbara D. Johnson signed the Finding of Facts and Conclusions of Law regarding Continuance Motion. EX.(G).

( ITEM 12 (b) Supporting FACTS)

trial rights. Mr. DeWeese indicates he wishes to insist on going to trial within 60 days. I am familiar with the case law, Your Honor. I'm also familiar with the preference to abide by a Defendant such as Mr. DeWeese, to abide by his wishes to go to trial within 60 days. Mr. DeWeese wishes to force the State to prove the charges against him within 60 day time frame. (TP 2 L.8-17). If Mr. DeWeese is going to insist on going to trial Monday, I will be there and do what I can. (TP 4 L.6-7). Judge Barbara D. Johnson indicated, I take it, your choice is to go ahead with Mr. DeWeese's request; and. if so , we also had the other matter of whether or not counsel would be requesting I disqualify myself. "I've had no further indication on that." (TP 4 L.15-20). As I indicated, I did not personally feel it was a problem such that I would automatically recuse myself, but would do so on request of counsel or MR. DEWEESE himself. (TP 4 L.20-23). Defense Counsel Mark Baum indicated further, going to first things first, I indicated to Mr. DeWeese, I would be filing these papers requesting a continuance. (TP 4 L.24-TP 5 L.1). EX.(B). Judge Barbara D. Johnson, had denied inquiring into Petitioner's January 10, 1989 motion for counsel, for the purpose of granting defense counsel Mark Baum's request for a continuance. EX.(C). And denying Petitioner's right to be heard and the right to counsel. Thereafter, on February 3, 1989, the Material Facts of the Clerk's Minutes indicate that Judge Barbara D. Johnson, then ruled erroneously on Petitioner's January 10, 1989 motion for counsel, that Mark Baum would continue as Attorney. Also on February 3, 1989, the Clerk's Minute indicate that a colloquy did not take place between Judge Barbara D. Johnson, and Petitioner regarding Petitioner's waiver of counsel. And on February 3, 1989, the Clerk's Minutes indicate that Judge Barbara D. Johnson, failed to determine whether Petitioner knowingly, voluntarily, and intelligently waived his right to counsel before or during trial. EX.(E).

AO 241 (Rev. 5/85)

C. Ground three: The Trial Court erred in allowing defense counsel's request for a Miscontinuance to assist the State, and deny Petitioner effective Counsel.

Supporting FACTS (state *briefly* without citing cases or law): On January 10, 1989, Petitioner fired defense counsel Mark Baum. EX.(A). On January 17, 1989, Judge Barbara D. Johnson, indicated to the court that she was not Frankly fully certain what was on for the morning. But, understood counsel anticipated needing time. "Perhaps counsel could indicate further." I believe it was defense's request. (TP 2 L.4-7). Defense Counsel Mark

D. Ground four Trial court erred in ruling on the same motion, that the prior Trial Court had already made its ruling on.

Supporting FACTS (state *briefly* without citing cases or law): On January 10, 1989, Petitioner fired defense counsel Mark Baum. EX.(A). On January 17, 1989, Judge Barbara D. Johnson, denied inquiring into Petitioner's January 10, 1989 motion for counsel, for the purpose of granting defense counsel Mark Baum's request for a continuance. EX.(B). Thereafter, on February 3, 1989, the Material Facts of the Clerk's Minutes indicate that Judge Barbara D. Johnson, then ruled erroneously on Petitioner's January 10,

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: Petitioner was not provided with the information, (please see 12.H) for 12.A and 12.C. Grounds 12.B and 12.D were concealed Material Facts. And Petitioner was transferred out-of-State for three years to Oregon.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing Paul R. Bruce, 310 West 11th Street, P.O Box 1042 Vancouver, Washington 98666
   (b) At arraignment and plea Paul R. Bruce, 310 West 11th Street, P.O. Box 1042 Vancouver, Washington 98666

(ITEM 12 (c) Supporting FACTS)

Baum indicated, I've spoken with Mr. DeWeese "<u>again</u>" about his speedy trial rights. Mr. DeWeese indicates he wishes to insist on going to trial within 60 days. I am familiar with the case law, Your Honor. I'm also familiar with the preference to abide by a Defendant such as Mr. DeWeese, to abide by his wishes to go to trial within 60 days. Mr. DeWeese wishes to force the State to prove the charges against him within 60 day time frame. (TP 2 L.8-17). If Mr. DeWeese is going to insist on going to trial Monday, I will be there and do what I can. (TP 4 L.6-7). Judge Barbara D. Johnson indicated, I take it, your choice is to go ahead with Mr. DeWeese's request; and, if so, we also had the other matter of whether or not counsel would be requesting I disqualify myself. "<u>I've had no further indication on that</u>." (TP 4 L.15-20). As I indicated, <u>I did not personally feel it was a problem such that I would automatically recuse myself</u>, but would do so on request of counsel or <u>MR. DEWEESE</u> himself. (TP 4 L.20-23). Defense counsel Mark Baum indicated <u>further</u>, going to first things first, I indicated to Mr. DeWeese, I would be filing these papers requesting a continuance. (TP 4 L.24-TP 5 L.1). EX.(B). Judge Barbara D. Johnson, had denied inquiring into Petitioner's January 10, 1989 motion for counsel, for the purpose of granting defense counsel Mark Baum's request for a continuance (EX. (C), to assist the Prosecuting Attorney Mark Beam, as indicated in the Findings of Facts and Conclusions of Law regarding Continuance Motion. EX. (G). Defense Counsel Mark Baum, on January 17, 1989, had violated the rules of Professional Misconduct.

AO 241 (Rev. 5/85)

Ground five The Appellate Court erred in making its decision based on Appellant Counsel's affirmative misconduct presented in Appellant's Brief.

E. Supporting FACTS (state *briefly* without citing cases or law): The Statement of the Case, of Appellant's Brief, filed on January 8, 1990 indicate, the Defendant fired Baum by a letter to the Judge dated January 10, 1989, but Baum was reappointed for a time following a defense continuance of the trial date from January 23, 1989, to March 20, 1989. (BA 1 L.12-15). EX.(I). On February 3, 1989, the Material Facts of the Clerk's

Ground six The Appellate Court erred in failing to determine whether Petitioner knowingly, voluntarily, and intelligently waived his right to counsel.

F. Supporting FACTS (state *briefly* without citing cases or law): On September 12, 1991, filed in the Supreme Court of the State of Washington, indicated in the FACTS, Mr. DeWeese had disagreements with the second court-appointed counsel and discharged him before trial. Mr. Baum was subsequently reinstated and assisted in pretrial preparation after the court continued the trial date from January 23 to March 20, 1989. (SC 2 L.12-16). EX.(L). On January 10, 1989, Petitioner fired defense counsel Mark Baum. EX(A)

Ground seven The Appellate Court erred in failing to determine whether the trial court ruled on the same motion, that the prior trial court had already ruled on.

G. Supporting FACTS (state *briefly* without citing cases or law): On September 12, 1991, filed in the Supreme Court of the State of Washington, the FACTS indicate that, prior to trial, Mr. DeWeese again discharged attorney Mark Baum. And on March 9, 1989, Judge Lodge heard Mr. DeWeese's request for appointment of a third attorney to replace Mr. Baum. (SC 2 L.16-18). EX.(L). The Supplemental Verbatim Report of Proceedings, filed on June 29, 1990, in the Court of Appeals, reflected that on March 9, 1989, Judge Thomas L. Lodge indicated, we're here on the case of

( ITEM 12 (e) Supporting FACTS).

Minutes indicate, Appellant Counsel Perry E. Buck, erroneously concealed the Month and Date, that Judge Barbara D. Johnson, ruled erroneously on Petitioner's January 10, 1989 motion for counsel, that Mark Baum would continue as Attorney. On February 3, 1989, the Material Facts of the Clerk's Minutes entry indicate, that Appellant Counsel Perry E. Buck, erroneously concealed that a colloquy did not take place between Judge Barbara D. Johnson, and Petitioner regarding Petitioner's waiver of counsel. On February 3, 1989, the Material Facts of the Clerk's Minutes entry indicate, that Appellant Counsel Perry E. Buck, erroneously concealed that Judge Barbara D. Johnson, failed to determine whether Petitioner knowingly, voluntarily, and intelligently waived his right to counsel before or during trial. EX.(E). Also indicated in the Statement Of The Case, in Appellant's Brief; from that time until trial, little was done by defense except to request that all remaining Police reports, witness list, and photographs be made available to the Defendant. (BA 3 L.11-15) EX.(I). (RP,16) EX.(J). The Material Facts of the in COURT RECORD for March 9, 1989 indicate, that Appellant Counsel Perry E. Buck, erroneously concealed that Attorney Mark Baum released to the Clerk all remaining photographs and documents pertaining to this case, and forwarded to the Defendant. EX.(K). Also see EX.(H) (SRP 30,31,32, and 41,42,43). The Material Facts of the in COURT RECORD for March 9, 1989 also indicate, after being fully advised of all rights, requirements and consequences, the Defendant chooses to represent himself, without assistance and Mark Baum is released by the Court. EX.(K). In Appellant's Brief, Appellant Counsel Perry E. Buck, erroneously concealed that the ASSIGNMENT OF ERROR NO.1: The trial court erred in failing to determine whether the Defendant knowingly, voluntarily and intelligently waived his right to counsel before or during trial, was meant for the February 3, 1989, in court proceedings. (BA 5-7). EX.(I).

( ITEM 12 (f) Supporting FACTS)

On January 17, 1989, Judge Barbara D. Johnson, denied inquiring into Petitiner's January 10, 1989 motion for counsel, for the purpose of granting defense counsel Mark Baum's request for a continuance. (TP 2-20). EX. (B) and (C). After the court continued the trial date from January 23 to March 20, 1989 EX.(M), on February 3, 1989, the Material Facts of the Clerk's Minutes entry indicate that Judge Barbara D. Johnson, ruled erroneously on Petitioner's January 10, 1989 motion for counsel, that Mark Baum would continue as Attorney. The Material Facts of the Clerk's Minutes entry for February 3, 1989, do not indicate, that a colloquy took place between Judge Barbara D. Johnson, and Petitioner regarding Petitioner's waiver of counsel. And the Material Facts of the Clerk's Minutes entry for February 3, 1989, indicate that Judge Barbara D. Johnson, failed to determine whether Petitioner knowingly, voluntarily, and intelligently waived his right to counsel before or during trial. EX.(E).

( ITEM 12 (g) Supporting FACTS)

State versus Larry DeWeese, 88-1-01046-3. Mr. Baum is present here with Mr. DeWeese. I did notice as I was going through the file that Mr. DeWeese, somewhere back in "JANUARY," you indicated that you fired Mr. Baum. I think we need to cover that first. (SRP 2 L.1-8). EX(H). On March 9, 1989, Judge Thomas L. Lodge, relitigated on the same January 10, 1989 motion, that on February 3, 1989, Judge Barbara D. Johnson ruled, that Mark Baum would continue as Attorney. EX.(E).

AO 241 (Rev. 5/85)

Ground eigth: Trial Court erred in failing to provide Transcripts once Petitioner had filed a timely notice of intention to file a Pro Se Supplemental brief for Appeal.

H.  Supporting FACTS (state *briefly* without citing cases or law): Petitioner received a letter dated February 1, 1990, from David Ponzoha, Clerk of the Court of Appeals, in reference to filing a notice of intention to file Pro Se Supplemental brief. EX.(N). In a letter dated April 18, 1990, addressed to Appellant Counsel Perry E. Buck, from the Prosecuting Attorney Mark E. Beam, enclosed a Motion for Extension of the Due Date

Ground nine _____

I.  Supporting FACTS (state *briefly* without citing cases or law): _____

Ground ten _____

J.  Supporting FACTS (state *briefly* without citing cases or law): _____

( ITEM 12 (h) Supporting FACTS)

for Respodent's Brief, and a Motion to Allow Supplementation of the Report of Proceedings. A copy of these Motions and letter was also sent to Mr. DeWeese. EX.(O),(P) and (Q). In a letter dated August 7, 1990, from the Appellant Counsel Perry E. Buck, informing Petitioner that the Prosecuting Attorney Mark Beam had filed his brief in the Court of Appeals, on June 1, 1990. And forwarded a copy of Respondent's brief, but not the Supplemental Report of Proceedings. EX.(R). Filed on May 2, 1991, Petitioner submitted into the court a notice of Motion and Affidavit for Transcripts regarding the January 17, 1989, Continuance Hearing and the March 9, 1989, Omnibus Pretrial Hearing colloquy between trial Judge, and Appellant. EX.(S). On May 17, 1991, Judge Thomas L. Lodge, signed a Order for Supplemental of Transcripts. EX.(T). And on September 12, 1991, the Supreme Court made it's decision. EX.(L). Filed on June 16, 1992, in the United State District Court, Eastern District of Washington, and than transferred to the Western District of Washington, was Petitioner's Civil Rights Act, 42 U.S.C. 1983, Complaint. Petitioner claimed in the complaint that Judge Thomas L. Lodge, and Appellant Counsel Perry E. Buck, withheld evidence of a Transcript that was very vital in Petitioner's attempt to file a Pro Se Supplemental brief. (The January 17, 1989 transcript would show the technicality of the in court proceedings that led to why Petitioner didn't have assistance of a Attorney at trial.). And there is no reason why Petitioner should have been put through this unfortunate situation, and the inactive measures to prevent Petitioner's right to Appeal. EX.(U). In a letter dated February 25, 1993, Petitioner received a copy of the Report and Recommendation, and proposed Order from the United States Magistrate Judge Franklin D. Burgess. Defendent Buck moves to dismiss, asserting via affidavit that he supplied Plaintiff with a transcript in September, 1992. EX.(V).

AO 241 (Rev. 5/85)

(c) At trial __Pro Se__

(d) At sentencing __Pro Se__

(e) On appeal __Perry E. Buck, Mozena & Perry, P.C., 2901 Main Street Vancouver, Washington 98663__

(f) In any post-conviction proceeding __none__

(g) On appeal from any adverse ruling in a post-conviction proceeding __none__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐  No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__3-14-04__
(date)

_Harry DeWeese_
Signature of Petitioner

(7)